[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12640
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

Agency Nos. A095-237-495,
A095-237-496

JOSE FERNANDO PALACIOS,
a.k.a. Fernando Palacios Montoya,
CLARIVEL OSORIO,

                                                          Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 25, 2010)

Before BLACK, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioners, Jose Fernando Palacios and Clarivel Osorio, seek review of the Board of Immigration Appeals' (BIA's) decision denying their untimely motion to reopen. Petitioners contend they submitted evidence of changed country conditions to excuse their late filing and also demonstrated eligibility for relief in the form of asylum and withholding of removal under the Immigration and Nationality Act.

We have jurisdiction to review the BIA's denial of a motion to reopen, and we review the denial of such motions for an abuse of discretion. *See Kucana v. Holder*, 130 S. Ct. 827, 840 (2010) (confirming jurisdiction); *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (setting standard of review). "Our review is limited to determining whether there has been an exercise of administrative discretion, and whether the matter of exercise has been arbitrary or capricious." *Abdi*, 430 F.3d at 1149 (quotations omitted).

"[T]he Attorney General has broad discretion to grant or deny such motions." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001) (quotations omitted). It is within the discretion of the BIA to deny a motion to reopen for at least three reasons: "(1) failure to establish a *prima facie* case; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Id*. at 1302.

2

Motions to reopen immigration proceedings must ordinarily "be filed within 90 days of the date of entry of a final administrative order of removal."  8 U.S.C. § 1229a(c)(7)(C)(i).  The 90-day time limit does not apply, however, to motions "based on changed country conditions arising in the . . . country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  *Id.* § 1229(c)(7)(C)(ii).  "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in her personal circumstances."  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  The petitioner has the "heavy burden" of presenting evidence which would likely change the result in the case.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006).

There is no evidence the BIA abused its discretion in denying the Petitioners' motion to reopen.  There is no dispute the Petitioners filed their motion to reopen beyond the 90-day deadline.  The evidence submitted by the Petitioners does not demonstrate a changed country condition, as it reflects only continued harassment that the BIA previously found did not amount to persecution on account of a protected ground.  Accordingly, the BIA's decision was neither arbitrary nor capricious, and we deny the petition.

**PETITION DENIED.**

3